FILED
SUPERIOR COURT
OF GUAM

2025 MAR -6 PM 3: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUANITA MARIE TENORIO,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JOSEPH HEALY,<br><br>Defendant. | DOMESTIC CASE NO. DM0436-22<br><br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion for Partial Summary Judgment* |
| PAUL JOSEPH HEALY,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>JUANITA MARIE TENORIO,<br><br>Counterclaim-Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on December 12, 2024 for a hearing on Defendant/Counterclaim-Plaintiff Paul Joseph Healy's ("Defendant") Motion for Partial Summary Judgment ("Motion"). Present at the hearing were Attorney Joaquin C. Arriola, Jr. on behalf of Plaintiff/Counterclaim-Defendant Juanita Marie Tenorio ("Plaintiff"), and Defendant appeared with counsel, Attorney Daniel J. Berman. Upon consideration of the

record, arguments, and relevant law, the Court hereby **DENIES** Defendant's Motion for Partial Summary Judgment.

## BACKGROUND

Plaintiff and Defendant married on January 1, 1994, in Guam and remained married for nearly twenty-nine (29) years. They separated in December 2022, and Plaintiff filed for divorce on December 12, 2022. The dispute in this Motion involves Fidelity Brokerage Account No. -666 (the "Account"), valued at approximately $342,897.43. The funds to open the Account originated from Defendant's mother's trust, the Gretchen Healy Revocable Trust ("Trust"). Defendant's siblings and co-trustees of the Trust, Susan and Peter Healy, transferred the funds.

On December 16, 2020, Susan and Peter initially transferred the funds into a Vanguard Joint Brokerage Account, jointly titled with right of survivorship in both Defendant and Plaintiff's names. On June 11, 2021, they transferred the funds from the Vanguard account to the Account in question, which was also jointly titled.

Defendant claims the funds were his separate property because he inherited them from his mother and allegedly never commingled them with community funds. He asserts that the joint titling of the accounts was a mistake and that the funds were intended solely for his benefit. He further claims he did not make any additional deposits into the Account nor withdraw any money for personal use.

Plaintiff argues that the funds became community assets because: (1) they were placed into a joint account with right of survivorship, indicating an intent to share the funds; (2) the funds were allegedly used for marital expenses, including an $8,351.37 withdrawal for tax payments; and (3) she was actively involved in discussions regarding the transfer of funds from the Trust and was never informed that the funds were solely for Defendant.

After Plaintiff filed for divorce, Defendant transferred the funds out of the Account to a separate account on August 6, 2024. In August 2024, Plaintiff filed an ex parte motion requesting that the Court order Defendant to return the funds to the Account and prevent further withdrawals until ownership of the Account is properly determined. On September 26, 2024, Defendant opposed the ex parte motion.

On October 14, 2024, Defendant filed the instant Motion, arguing that the Account was separate property. On November 12, 2024, Plaintiff opposed the Motion, arguing that the joint titling of the Account and the use of funds created a presumption of community property, and that genuine issues of material fact preclude summary judgment in this case.

On November 25, 2024, Defendant replied, asserting that Plaintiff's arguments were legally insufficient and that the funds were never transmuted into community property.

On December 12, 2024, the Court heard arguments from both parties and took the matter under advisement.

## DISCUSSION

The issue before the Court is whether the Account remained Defendant's separate property or was converted into community property through joint titling and use during the parties' marriage.

Under GRCP 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. In deciding a motion for

summary judgment, the court must draw inferences and view the evidence in the light most favorable to the non-moving party. *Id.* If the movant demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations in the pleadings but must produce significant probative evidence supporting the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. A material fact is relevant to an element of a claim or defense and its existence might affect the outcome of the suit. *Id.* ¶ 8.

After reviewing the record, the Court finds that Defendant has not sufficiently demonstrated that there are no genuine issues of material fact. Plaintiff has raised disputes concerning: (1) whether the Account funds were transmuted into community property; (2) whether Defendant's conduct and intent support the community property classification; and (3) whether Defendant's Motion is procedurally untimely.

**A.    Transmutation of Account Funds into Community Property**

Defendant claims the Account is his separate property because the funds originated from his mother's Trust. Plaintiff asserts that depositing the funds into a jointly titled brokerage account and using the funds for marital expenses created a presumption that the funds were converted into community property.

Under 19 GCA § 6105(a), all property acquired during marriage is presumed to be community property. "The spouse asserting the separate character of property acquired during the marriage has the burden of overcoming this presumption." *Kloppenburg v. Kloppenburg*, 2014 Guam 5 ¶ 23. The presumption may be overcome by tracing the property to a separate source. *Id.* (citing *In re Marriage of Mix*, 536 P.2d 479, 484 (Cal. 1975) (en banc)). "If the property, or the source of funds with which it is acquired, can be traced, its separate property character remains unchanged. But if separate and community property or funds are commingled

in such a manner that it is impossible to trace the source of the property or funds, the whole will be treated as community property." *Id.* "Whether or not the presumption of community property is overcome is a question of fact for the trial court." *Id.*

Defendant argues that the funds in the Account remain separate property because they can be traced directly from his mother's Trust, overcoming the presumption of community property. Plaintiff argues that tracing is irrelevant because the funds were deposited into a joint account with right of survivorship, and that Defendant has not overcome the presumption of community property due to the joint titling of the Account. This raises the question of whether joint titling alone is sufficient to transmute the funds into community property. The Court must conduct additional factual analysis to determine whether the presumption of community property is overcome. Thus, this is a question of fact that precludes summary judgment, and the Court **DENIES** Defendant's Motion on this basis.

## B.    Intent Behind Joint Titling of the Account

Even if the above were not enough to deny the Motion, there is disputed evidence of intent between the parties. Defendant argues that the joint titling of the Account and the original account was a mistake, and that the funds were always intended as his separate inheritance, not for the parties as a couple. Plaintiff argues that the joint titling was deliberate, and that the funds were used for marital expenses, supporting the presumption of community property.

The Court understands the question here to be one of willfulness, which the Guam Supreme Court finds may apply to conduct that is both "voluntary and intentional," and "does not require a 'specific fraudulent intent or evil motive.'" *Guam Resorts*, 2012 Guam 13 ¶¶ 11, 13. If Defendant willfully created the Account intending it to serve as a joint account, that supports Plaintiff's argument that the funds were originally intended to be community property.

The question of whether a person acted willfully is a question of fact to be decided by a fact-finder. *Id.* ¶ 30. The Court finds that determining Defendant's intent when titling the account requires credibility assessments that must be made at trial and cannot be determined through summary judgment.

Accordingly, the Court also **DENIES** the Motion on the basis of disputed intent.

## C. Use of Account Funds for Joint Marital Expenses

Plaintiff asserts that the Account funds were used "throughout our marriage for our joint assets, debts, and expenses." Pl. Decl., ¶ 11 (Sept. 25, 2024). She also claims in her opposition to the Motion that these expenses included paying the parties' 2022 joint tax return. Defendant contends that Plaintiff withdrew those funds from the Account over his objections.

This factual dispute is material because the Guam Supreme Court has established a general presumption that "separate property used for community purposes during the marriage [is] a gift to the community." *Sablan v. Sablan*, 2017 Guam 3 ¶ 50. If Plaintiff used funds from the Account with Defendant's authorization, it supports her argument that the funds were intended to benefit both parties and challenges Defendant's assertion that the funds were exclusively his separate property. The Court finds that resolving this dispute requires an evidentiary hearing to determine the intent and authorization behind the use of the funds. Therefore, this issue precludes summary judgment, and the Court **DENIES** the Motion on this basis.

## CONCLUSION

In summary, the Court **DENIES** Defendant's Motion for Partial Summary Judgment. The Court finds unresolved factual disputes regarding the transmutation of the Account funds into community property, the intent behind the joint titling of the Account, and the use of

Account funds for joint marital expenses. These issues require further factual analysis and an evidentiary hearing, precluding summary judgment at this stage.

**IT IS SO ORDERED** _____MAR 0 6 2025_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**